IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT, SOUTHERN DIVISION

---

LISA SIMMONS,
6445 Luzon Avenue. #105
Washington, DC 20012

     Plaintiff,

Case No.:  8:24-cv-00472-PX

v.

SILVER SPRING ARTSPACE LOFTS, LLLP
2405 York Road
Suite 201
Lutherville Timonium, MD 21093

And

CHARLES TINI & ASSOCIATES, LLC
900 Montgomery Street
Laurel, MD 20707

And

CHARLES TINI & ASSOCIATES, INC.
900 Montgomery Street
Laurel, MD 20707

     Defendants.

---

## ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Defendants, Silver Spring Artspace Lofts, LLLP and Charles Tini & Associates, LLC, and Charles Tini & Associated, Inc., by and through counsel, Elizabeth B. Fisher, and pursuant to Federal Rule of Civil Procedure 8(d) files this Answer to Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

1. Paragraph 1 contains legal conclusions to which no answer is required. If an answer is deemed required, Defendants deny the allegations contained in paragraph 1 and demand strict proof thereof.

2. Paragraph 2 contains legal conclusions to which no answer is required. If an answer is deemed required, Defendants deny the allegations contained in paragraph 2 and demand strict proof thereof.

**PARTIES**

1. Defendants deny the allegations contained in paragraph 3 and demand strict proof thereof.

2. Defendants admit Silver Spring Artspace Loft, LLLP, is a limited liability limited partnership that owned and/or operated Artspace Silver Spring Art Campus Apartments, but deny the remaining allegations contained in paragraph 2, and demand strict proof thereof.

3. Defendants deny the allegations contained in paragraph 4 and demand strict proof thereof.

(sic). Defendants admit Charles Tini & Associates, LLC, is a limited liability company that conducts business as a property management company, and was managing Defendant Artspace Silver Spring Arts Campus at the time of the alleged incident. Defendants deny the remaining allegations contained in paragraph 4 and demand strict proof thereof.

4. There are no allegations in paragraph 4, as it seems to be a typo.

5. Defendants deny the allegations contained in paragraph 5 and demands strict proof thereof.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8, therefore, deny the same and demand strict proof thereof.

9. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9, therefore, deny the same and demand strict proof thereof.

10. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10, therefore, deny the same and demand strict proof thereof.

11. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11, therefore, deny the same and demand strict proof thereof.

12. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 12, therefore, deny the same and demand strict proof thereof.

13. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13, therefore, deny the same and demand strict proof thereof.

14. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 14, therefore, deny the same and demand strict proof thereof.

15. Defendants deny the allegations contained in paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations contained in paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations contained in paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations contained in paragraph 18 and demand strict proof thereof.

19. Defendants incorporate by reference all allegations in paragraphs 1-19 of its Answer, as if fully stated herein.

20. Defendants deny the allegations contained in paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations contained in paragraph 21 and demand strict proof thereof.

22. Paragraph 22 of Plaintiff's Complaint contains legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Defendants deny the same and demand strict proof thereof.

23. Defendants deny the allegations contained in paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations contained in paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations contained in paragraph 25 and demand strict proof thereof.

WHEREFORE, Defendants deny all paragraphs in the Plaintiff's Complaint not specifically admitted and demands strict proof thereof and denies that Plaintiff is entitled to compensatory, incidental, consequential damages or interest and costs.

## **NEGATIVE DEFENSES**

1. Defendants deny the legal existence of a party.

2. Defendants are not the correct entities to this lawsuit. The correct entities that own and manage the property at issue in Plaintiff's Complaint are Silver Spring Artspace Lofts, LLLP and Charles Tini & Associates.

3. Defendants deny they have the capacity to be sued.

4. Defendants deny the authority of a party to sue or be sued in a representative capacity.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by contributory negligence.

3. Plaintiff's claims are barred by assumption of the risk.

4. Plaintiff's claims are barred by the statute of limitations.

5. Plaintiff's injuries/damages were caused by persons and/or entities over whom these Defendants had no control.

6. Defendants denies agency, employment, respondent superior and/or vicarious liability.

7. Plaintiff's claims are barred by the Statute of Frauds.

8. Plaintiff's claims are barred by privilege.

WHEREFORE, Defendants respectfully requests that the Court dismiss Plaintiff's Complaint and award any further relief that the Court deems appropriate.

Respectfully submitted,

*Elizabeth Fisher*
Elizabeth B. Fisher
Fed. Bar No.: 30368
1302 Concourse Dr., Ste. 204
Linthicum, MD 21090
(410) 913-4549
fishee1@nationwide.com
***Counsel for Defendants, Silver Spring Artspace Lofts, LLLP and Charles Tini & Associates, LLC, and Chalres Tini & Associated, Inc.***

## JURY DEMAND FOR JURY TRIAL

The Defendant hereby respectfully demands a trial by jury as to all issues herein.

_____
Elizabeth B. Fisher

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, a copy of the foregoing Answer to Plaintiff's First Amended Complaint and Jury Demand was efiled to:

Johnnie D. Bond, Esquire
Bond Law, PLLC
3221 M Street, NE
Washington, DC 20007
(202) 478-2252
jbond@bondpllc.com
Counsel for Plaintiff Lisa Simmons

_____
Elizabeth B. Fisher, Esquire